**Rehearing Granted, Relief Granted in Part and Denied in Part, Corrected Judgment Rendered, and Supplemental Memorandum Opinion on Rehearing filed December 9, 2021.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-17-00428-CV

---

### JOE ALFRED IZEN, JR., Appellant

### V.

### CIG COMP TOWER, LLC, Appellee

---

**On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2014-43610B**

---

## SUPPLEMENTAL MEMORANDUM OPINION ON REHEARING

Appellant Joe Alfred Izen, Jr. filed a motion for rehearing arguing (1) this court erred by taxing appellate costs against him and (2) this court should provide instructions to the trial court regarding the scope of further proceedings.

### A. Costs

This court dismissed this appeal for want of jurisdiction because the trial

court did not render a final, appealable judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). This court's judgment taxed appellate costs against Izen. In rehearing issue 1, Izen argues costs should have been taxed against appellee CIG Comp Tower, LLC.

> Rule of Appellate Procedure 43.4 provides, in relevant part:
>
> The court of appeals' judgment should award to the prevailing party costs incurred by that party related to the appeal, including filing fees in the court of appeals and costs for preparation of the record. The court of appeals may tax costs otherwise as required by law or for good cause.

Tex. R. App. P. 43.4. Here, because this court dismissed this appeal due to the lack of a final judgment, thereby disposing of the appeal without reaching the merits, we conclude there is no "prevailing party" on appeal. *See id.* Under these circumstances, we likewise conclude there is no "good cause" to tax costs against either party. *See id.* Accordingly, we grant rehearing issue 1 in part and issue with this supplemental opinion a corrected judgment deleting the award of costs against Izen and stating that that each party shall pay its costs by reason of this appeal.

**B. Instructions to trial court**

In rehearing issue 2, Izen argues that this court "should reform or modify its Judgment of Dismissal and Memorandum Opinion so that . . . the Trial Court is clearly informed that any of Izen's claims and causes of action against CIG for additional or accrued rentals must be addressed and determined on the merits." As we explained in our memorandum opinion, however, this court lacks jurisdiction to hear this appeal, and accordingly lacks jurisdiction to instruct the trial court on remand.[1] We overrule rehearing issue 2.

---

[1] Izen argues that footnote 5 in this court's memorandum opinion impermissibly instructs the trial court. Footnote 5 states:

2

## CONCLUSION

We grant Izen's motion for rehearing, grant relief in part and deny relief in part, and render a corrected judgment deleting the award of costs against Izen and stating that each party shall pay its costs by reason of this appeal. Our memorandum opinion dated July 20, 2021 remains unchanged.


/s/     Charles A. Spain
        Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Spain.

---

The court recognizes the time and expense involved in filing an appeal and briefing it for submission. Once the mandate issues in case number 14-17-00428-CV, the court will consider a motion to file the record and briefs in case number 14-17-00428-CV in a new appeal and to set that appeal for submission if the parties agree that no additional briefing is required.

This language offers no instruction as to how the trial court should proceed with the underlying case, and instead simply explains motions we may consider in the future in the event the underlying case is before us again.